Filed 11/29/21  P. v. Stinson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093993 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F04902) |
| v. | |
| DAVONTE STINSON, | |
| Defendant and Appellant. | |

The trial court denied defendant Davonte Stinson's request to strike or reduce a firearm enhancement under Penal Code section 12022.53, subdivision (b).[1]  Defendant appeals, arguing the court misunderstood its discretion because it declined to modify the enhancement of conviction to an uncharged lesser enhancement not considered by the jury.  Disagreeing, we affirm the order.

---

[1]  Undesignated statutory references are to the Penal Code.

## BACKGROUND

A jury found defendant guilty of kidnapping for the purpose of robbery, two counts of robbery, and two counts of firearm possession by a felon. (*People v. Stinson* (2019) 31 Cal.App.5th 464, 474.) The jury also found true an enhancement allegation that defendant personally used a firearm to commit the offense. (§ 12022.53, subd. (b); *Stinson,* at p. 474.) The trial court sentenced defendant to a determinate term of 17 years eight months in state prison (including the mandatory 10 years for the firearm enhancement) plus a consecutive prison term of seven years to life. (*Ibid.*)

On appeal, we affirmed the judgment, but remanded the case to allow the trial court to consider its new discretion to strike the firearm enhancement under Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, §§ 1-2). (*People v. Stinson* (Jan. 16, 2019, C077621) [nonpub. portion].)

On remand, defendant moved the trial court to strike the enhancement; the People opposed the motion. After considering the parties' arguments, the court denied the motion, finding it was not in the interests of justice to strike the enhancement. Defendant's counsel then asked the court to "effectively reduce the [§] 12022.53(b) to a [§] 12022.5" but acknowledged he knew of no authority supporting the request. The court responded: "I appreciate the request. I don't believe that I would have the authority to do that. It was a charging decision made. The Court of Appeal didn't ask me to do that. And I don't think I have the authority to do that."

Defendant timely appeals from that order. The case was fully briefed on August 23, 2021, and was assigned to this panel on September 30, 2021.

## DISCUSSION

On appeal, defendant contends the trial court did not understand it had the ability to reduce his firearm enhancement to an uncharged lesser enhancement in lieu of striking it, and thus could not have exercised informed discretion. He relies on *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*), where the Court of Appeal, First

Appellate District held that a court exercising its discretion to strike an enhancement may opt to impose a lesser *uncharged* enhancement in the interests of justice.

We agree with the contrary position taken by the Fifth Appellate District in *People v. Tirado* (2019) 38 Cal.App.5th 637, review granted November 13, 2019, S257658 and the Fourth Appellate District in *People v. Yanez* (2020) 44 Cal.App.5th 452, review granted April 22, 2020, S260819.

" 'Section 12022.53 sets forth the following escalating additional and consecutive penalties, beyond that imposed for the substantive crime, for use of a firearm in the commission of specified felonies, including . . . murder: a 10-year prison term for personal use of a firearm, even if the weapon is not operable or loaded (*id*., subd. (b)); a 20-year term if the defendant "personally and intentionally discharges a firearm" (*id*., subd. (c)); and a 25-year-to-life term if the intentional discharge of the firearm causes "great bodily injury" or "death, to any person other than an accomplice" (*id*., subd. (d)). For these enhancements to apply, the requisite facts must be alleged in the information or indictment, and the defendant must admit those facts or the trier of fact must find them to be true.' [Citation.] Section 12022.53, subdivision (f) provides, 'Only one additional term of imprisonment under this section shall be imposed per person for each crime. If more than one enhancement per person is found true under this section, the court shall impose upon that person the enhancement that provides the longest term of imprisonment . . . .' " (*Morrison*, *supra*, 34 Cal.App.5th at p. 221.) Under section 12022.53, subdivision (h), " 'The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, *strike or dismiss an enhancement* otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law.' " (*Morrison*, at pp. 221-222, italics added.)

3

In *Morrison*, the jury found true an enhancement allegation under section 12022.53, subdivision (d) but was not presented with any lesser included enhancements to consider. (*Morrison*, *supra*, 34 Cal.App.5th at p. 221.) The trial court declined to strike the enhancement, and defendant argued on appeal that "the court did not understand the scope of its discretion," in that it "had the discretion to modify the enhancement from that established by section 12022.53, subdivision (d), which carries a term of 25 years to life, to a 'lesser included' enhancement under section 12022.53, subdivision (b) or (c), which carry lesser terms of 10 years or 20 years, respectively." (*Ibid.*) The First Appellate District agreed, based, in part, on cases that concluded courts "may impose a 'lesser included' enhancement that was not charged in the information when a greater enhancement found true by the trier of fact is either legally inapplicable or unsupported by sufficient evidence." (*Id.* at p. 222.) *Morrison* also relied on an oblique reference by our Supreme Court to the " 'wide range of sentencing choices' " available to a trial court striking a sentence enhancement pursuant to section 1385. (*Morrison,* at p. 223, citing *People v. Marsh* (1984) 36 Cal.3d 134, 144.)

After the decision in *Morrison*, however, the Fifth Appellate District in *Tirado*, the Fourth Appellate District in *Yanez*, and the Second Appellate District in *People v. Garcia* (2020) 46 Cal.App.5th 786, review granted June 10, 2020, S261772, have disagreed with *Morrison* and concluded that the statutes at issue authorize trial courts to strike or dismiss a section 12022.53 enhancement, but not to *modify* it by converting or reducing it to an uncharged lesser enhancement.

We find *Tirado* and this line of authority more persuasive. The plain language of both statutes at issue, sections 1385 and 12022.53, subdivision (h), permit a court to "strike" or "dismiss" the enhancement, but neither statute "conveys the power to change, modify, or substitute a charge or enhancement." (*People v. Tirado*, *supra*, 38 Cal.App.5th. at p. 643, rev. granted.) Other statutes that permit such modification explicitly state so. (See, e.g., §§ 1260 ["The court may reverse, affirm, or modify a

4

judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed"], 1181 ["the court may modify the verdict, finding or judgment accordingly"]; *Tirado*, at p. 643.)

Moreover, the cases cited in *Morrison* to justify the proposition that a "court may impose a 'lesser included' enhancement that was not charged in the information when a greater enhancement found true by the trier of fact is either legally inapplicable or unsupported by sufficient evidence" did not rely on section 1385 and was thus not restricted by that statute's language. (*Morrison*, *supra*, 34 Cal.App.5th at p. 222.) Further, those cases only imposed the lesser included enhancements when the greater enhancement was found legally inapplicable or supported by insufficient evidence. (*People v. Garcia*, *supra*, 46 Cal.App.5th at p. 793, rev. granted.)

Nor do we see that *Marsh* supports *Morrison*. In *Marsh*, our Supreme Court considered a situation concerning two charged sentence enhancement allegations and noted that section 1385 provided a "wide range of sentencing choices" other than striking or declining to strike both allegations. (*People v. Marsh*, *supra*, 36 Cal.3d at p. 144.) But this observation was made in a different context; *Marsh* dealt with a situation where the trial court could choose to strike one of the two charged enhancements but leave the other intact. (*Ibid.*)

Here, the prosecution alleged only one enhancement allegation under section 12022.53, subdivision (b), and the jury found only that allegation to be true. No lesser included enhancements were charged, much less found true by the jury. The alternative sentence requested by defense counsel at the hearing was simply unavailable to the trial court. We conclude that the court properly understood the scope of its discretion when it declined to modify the enhancement after denying the motion to strike.

## DISPOSITION

The trial court's order is affirmed.

/s/
Duarte, J.

We concur:

/s/
Raye, P. J.

/s/
Hoch, J.